IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TIMOTHY LEE COLES,

    Petitioner,

v.

Civil Action No. **3:11CV192**

COMMONWEALTH OF VIRGINIA, <u>et al.</u>,

    Respondents.

### MEMORANDUM OPINION

Timothy Lee Coles, a Virginia prisoner proceeding <u>pro se</u>, filed this action on March 28, 2011. On July 26, 2011, the Court, by Memorandum Order, directed Coles to show cause within fourteen (14) days why the Court should maintain jurisdiction over his appeal from the Supreme Court of Virginia's refusal to hear his civil appeal. (Docket No. 11.) By Memorandum Opinion and Order entered September 14, 2011, the Court dismissed the action without prejudice for failure to comply with the July 26, 2011 Order. (Docket Nos. 12, 13.) On September 26, 2011, the Court received from Coles two documents styled "Motion to Show Cause" and "Motion to Correct the Record" respectively. (Docket Nos. 14, 15 (capitalization corrected).) Because Coles's motions were mailed within twenty-eight (28) days of the final judgment, they shall be considered as motions pursuant to Fed.

1

R. Civ. P. 59(e).   See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing cases).   In his "Motion to Correct the Record" Coles argues that he never received the July 26, 2011 Memorandum Order directing him to show cause.   In his "Motion to Show Cause" Coles suggests that this Court has jurisdiction over his appeal from the Supreme Court of Virginia.   Coles has failed to make a "short and plain statement of the grounds for the court's jurisdiction" as required.   Fed. R. Civ. P. 8(a)(1).   This Court has no jurisdiction over a direct appeal from the Supreme Court of Virginia.   D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) ("As we noted in Atlantic Coast Line R. Co. v. Engineers, 398 U.S. 281[, 296] (1970), 'lower federal courts possess no power whatever to sit in direct review of state court decisions.'" (parallel citations omitted)).   Thus, assuming that Coles never received a copy of the July 26, 2011 Memorandum Order, he still fails to show that this Court made any clear

error of law or that manifest injustice would result if the action was not reinstated.[1]

Accordingly, Coles's "Motion to Show Cause" (Docket No. 14) and "Motion to Correct the Record" (Docket No. 15) will be DENIED.  Coles does not need a certificate of appealability to appeal.  See Fed. R. App. P 22(b) (requiring a certificate of appealability for habeas actions).  Therefore, Coles's Motion for Certificate of Appealability (Docket No. 17) will be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Coles.

It is so ORDERED.

/s/    REP

Robert E. Payne
Senior United States District Judge

Date: November 9, 2011
Richmond, Virginia

---

[1] Moreover, Coles's claims were dismissed without prejudice and thus he can simply re-file them.

3